[Cite as *State ex rel. Reyes v. Pittman*, 2026-Ohio-2668.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
WALTER E. REYES,

        Relator,

- vs -

LAURIE J. PITTMAN, JUDGE,
COURT OF COMMON PLEAS,

        Respondent.

**CASE NO. 2026-P-0020**

Original Action for Writ of Mandamus

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: July 13, 2026
Judgment: Writ granted

---

*Walter E. Reyes*, pro se, PID# A590-238, Franklin Medical Center, 1990 Harmon Avenue, Columbus, OH 43223 (Relator).

*Connie J. Lewandowski*, Portage County Prosecutor, and *Timothy P. Bogner*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1}     This matter is before the Court on relator, Walter E. Reyes's, Complaint for Writ of Mandamus, filed on March 9, 2026. Respondent, Common Pleas Court Judge Laurie J. Pittman, filed a Motion to Dismiss, on April 8, 2026. Reyes filed a Reply Brief on April 27, 2026. For the following reasons, Judge Pittman's Motion to Dismiss is denied and a writ of mandamus is hereby granted to compel Judge Pittman to comply with the mandate issued by this Court in *State v. Reyes*, 2024-Ohio-403 (11th Dist.).

### The Complaint for Mandamus

{¶2}   In 2010, Reyes pled guilty to multiple counts of rape and, *inter alia*, was classified as a Tier III Sex Offender under the Adam Walsh Act.  *Id.* at ¶ 4.  Reyes subsequently sought to vacate his sex offender classification on the grounds that, since the offenses were committed prior to the effective date of the Adam Walsh Act, he could not be classified under that law.  Instead, Reyes sought to be classified under Megan's Law which was in effect at the time the offenses were committed.  Upon the denial of a motion to be classified under Megan's Law, Reyes appealed.

{¶3}   On February 5, 2024, this Court reversed the denial of Reyes's motion with the following mandate: "we reverse the judgment of the trial court and remand this matter for classification of Reyes under the version of Megan's Law that was in effect at the time Reyes committed the offenses."  *Id.* at ¶ 17.

{¶4}   On March 9, 2026, Reyes filed his Complaint for Writ of Mandamus.  Reyes averred that "the trial court has not acted on the reversal by this court" and requested the following relief:

> A. For Respondent to remove the Tier III classification from the July 8, 2010 Order and Journal Entry; and
>
> B. For Respondent to classify Relator, without a hearing, as a sexually oriented offender pursuant to *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, syllabus P22, since the sexually oriented offender classification attached as a matter of law; and
>
> C. For Respondent to issue a new Order And Journal Entry with the sexually oriented offender classification …

### The Writ of Mandamus

{¶5}   "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law

Case No. 2026-P-0020

specially enjoins as a duty resulting from an office, trust, or station."  R.C. 2731.01.  To be entitled to a writ of mandamus, the relator must establish "(1) a clear legal right to the requested relief, (2) a clear legal duty on the part of [the respondent] to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law."  *State ex rel. Patterson v. Starn*, 2026-Ohio-627, ¶ 11.

{¶6}    "As a general matter, procedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment."  *State ex rel. Reynolds v. Basinger*, 2003-Ohio-3631, ¶ 5; *State ex rel. Quinn v. Rastatter*, 2026-Ohio-1208, ¶ 6 ("mandamus will lie in cases of a court's undue delay in entering judgment"); *State ex rel. Simmons v. Breaux*, 2020-Ohio-3251, ¶ 16, citing *State ex rel. Heck v. Kessler*, 1995-Ohio-304, ¶ 11 ("[a] writ of mandamus 'is an appropriate remedy to require a lower court to comply with an appellate court's mandate directed to that court'").[1]

{¶7}    A trial court is obligated to comply with the mandate of a reviewing court to conduct further proceedings.  *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2024-Ohio-5729, ¶ 20.  A delay of two years, without proper justification, has been found to constitute an excessive delay meriting the granting of extraordinary relief.  *State ex re. Crandall, Pheils & Wisniewski v. DeCessna*, 1995-Ohio-98, ¶ 18.

### The Motion to Dismiss

{¶8}    A motion to dismiss a complaint under Civil Rule 12(B)(6) for failure to state a claim upon which relief can be granted is "procedural and tests the sufficiency of the

---

1.   We note: "Although mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate, since '[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'"  *State ex rel. Dehler v. Sutula*, 1995-Ohio-268, ¶ 7, citing *State ex rel. Levin v. Sheffield Lake*, 1994-Ohio-385, ¶ 22; *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 2018-Ohio-2168, ¶ 15 (*sua sponte* converting a request for mandamus into one for procedendo where the trial court had not taken timely action on an emergency motion to reseal the record).

Case No. 2026-P-0020

complaint." (Citation omitted.) *Patterson*, 2026-Ohio-627, at ¶ 10. "A court may dismiss a mandamus action under Civ.R. 12(B)(6) … 'if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus.'" (Citation omitted.) *Simmons* at ¶ 10.

***Grounds for Dismissal***

{¶9} As grounds for dismissal, Judge Pittman argues that Reyes is not entitled to have the Tier III classification removed from the July 8, 2010 sentencing entry because the record on appeal, including the sentencing entry, "must be kept in its original form." "Altering it would make it appear as though the Respondent had originally classified him under Megan's Law, rather than Ohio's version of the Adam Walsh Act," which could arguably be considered tampering with records. Motion to Dismiss at 4-5.

{¶10} Judge Pittman's argument misconstrues the relief sought by Reyes. Although the Complaint seeks to have her "remove the Tier III classification from the July 8, 2010 Order and Journal Entry," this is not reasonably interpreted to mean alteration of the original record.

{¶11} *Reyes*, 2024-Ohio-403 (11th Dist.), arose from the denial of Reyes's Motion to Classify Defendant Under Megan's Law. This Motion asked the trial court "to issue a separate order classifying him a sexually oriented offender as a matter of law under Megan's Law," or to "file an 'Amended Judgment of Conviction Entry,' wherein [the] court can amend its July [8], 2010 sentencing entry to reflect that a sexually oriented offender classification was ordered." Reyes did not request alteration of the original record.

Case No. 2026-P-0020

{¶12}   In *Reyes*, this Court reversed the trial court's denial of the Motion to Classify Defendant Under Megan's Law.  *Id.* at ¶ 17.  The present request "to remove the Tier III classification" should be understood consistently with the Motion to Classify, *i.e.*, Reyes is simply requesting that he be classified under the appropriate law.

{¶13}   Judge Pittman also argues that, before Reyes may be classified under Megan's Law, a hearing must be held pursuant to R.C. 2950.021(B)(1) ("[a]t any time before a wrongly classified Tier offender contemplates any registration and verification duties under this chapter … the court … shall hold a hearing to determine the pre-2008 classification that should apply to the offender").  Accordingly, Reyes is not entitled to be classified a sexually oriented offender "without hearing" and "as a matter of law" as requested in the Complaint.

{¶14}   We agree with Judge Pittman's argument that mandamus is not appropriate to dictate how Reyes's classification under Megan's Law should be determined or what that classification should be except that he should be classified "under the version of Megan's Law that was in effect at the time Reyes committed the offenses."  *Reyes* at ¶ 17.

### *Reyes is Entitled to Mandamus*

{¶15}   The fact that Reyes has not established "a clear legal right" or a corresponding "clear legal duty" on the part of Judge Pittman to be classified a sexually oriented offender "without hearing" and "as a matter of law" does not preclude relief in mandamus.  Reyes has established that, in February 2024, the trial court's denial of his Motion to Classify Defendant Under Megan's Law was reversed and the case was remanded for him to be classified under Megan's Law.  Reyes has a clear legal right to

Case No. 2026-P-0020

be so classified and the trial court has a clear legal duty to so classify him. *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 324 (1995) ("the law of the case was established by the court of appeals, and the trial court was required to act accordingly").

{¶16} It has been over two years since the case was remanded and, in the absence of any proffered justification, the delay in complying with the mandate is excessive. Accordingly, Reyes is entitled to a writ of mandamus ordering the trial court to comply with this Court's mandate in Portage County Court of Common Pleas Case No. 2009 CR 00623.

{¶17} It is the order of this Court that a writ of mandamus is issued whereby the respondent is ordered to comply with the mandate issued in *State v. Reyes*, 2024-Ohio-403 (11th Dist.).


MATT LYNCH, P.J., EUGENE A. LUCCI, J., SCOTT LYNCH, J., concur.

# JUDGMENT ENTRY

For the reasons stated in the Per Curiam Opinion of this court, respondent's Motion to Dismiss is overruled and relator is granted a writ of mandamus. It is the order of this Court that the respondent comply with the mandate issued in *State v. Reyes*, 2024-Ohio-403 (11th Dist.). Costs to be taxed against respondent.

 

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.